Howeld, J.
This is a suit to dissolve a partnership, sell and distribute the proceeds of a vessel belonging to the partnership, and to recover damages from the managing partner for negligence, unskillfulness, etc. One of the defendants, A. Penent, joins the plaintiff in his demand. The other is represented by a curator ad hoc.
The only question before us is raised on the intervention of Christoval Espinóla, who claims the vessel as owner, by purchase for a valuable consideration from the defendant, A. Dhones, as sole owner, and having the right to sell.
By a notarial act between the parties, Dhones, Bellocq and Penent, it is_ declared, that they are the joint owners of the schooner Glacier, bought and registered in the name of A. Dhones, who is appointed master, and vested with authority to sell, at his discretion, for “ a good price.” On the 9th of August, 1864, he sold to the intervenor, by act, acknowledged before J. M. Day, Notary, and on the next day this suit was filed, and the schooner sequestered. Plaintiff, who alone complains of the judgment, contends that the title of the intervenor is not good, because it was not recorded as required by act of Congress, July 29th, 1850, (Stat. at Large, vol. 9, p. 440;) because there was no delivery; because it is not expressed on the face of the act of sale, that Dhones acted for himself and his partners; because the price was not a good one; and because the purchaser had notice of the. claims of the other partners.
We consider it necessary to examine the third and last grounds only, which may be thus stated:
The intervenor, having knowledge through his agent, that Bellocq & Penent were partners, the act of sale to him by Dhones, in whom the legal title existed, should have expressed that he acted under his mandate in selling their interest.
The rule invoked by plaintiff is undoubtedly correct: “Nothing is better settled than the rule, that the purchaser with notice of a trust stands in no better situation than the seller, and it is equally settled that notice to the agent is notice to the principal. ”
But this rule, as quoted by plaintiff, appears in a dissenting opinion, and was not considered by a majority of the Supreme Court of-the *504 United States, to apply to the case decided, which on this point is quite similar to the one now before us. See 2 Black., page 372. The notarial act which informed intervenor of the interest of Bellocq & Penent, also informed that the legal title was in Dhones, and that the latter had full authority to sell the vessel. Under the peculiar terms of this agreement and authority, the transfer by Dhones of the legal title carried with it, in our opinion, the equitable title. The proof adduced by plaintiff of knowledge in the intervenor of his rights, is also proof of his authorization to transfer those rights, which were carried in the name of the transferrer.
The evidence does not satisfy us, that the District Judge erred.
It is therefore ordered that the judgment be affirmed, with costs.
Rehearing refused.